**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Philip J. Gross, Esq.
Keara Waldron, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>B. Lane, Inc., d/b/a Fashion to Figure,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-32958 (JKS) |
| In re:<br><br>FTF NJ LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-32961 (JKS) |
| In re:<br><br>FTF CT LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-32962 (JKS) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: B. Lane, Inc., d/b/a Fashion to Figure (6982); FTF NJ LLC (4424); FTF CT LLC (1081); FTF DE LLC (7050); FTF GA LLC (5523); FTF MA LLC (1360); and FTF MD LLC (8883). The Debtors' corporate headquarters and mailing address is 20 W. 36th Street, 5th Floor, New York, NY 10018.

| | |
|---|---|
| In re:<br><br>FTF DE LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 17-32964 (JKS) |
| In re:<br><br>FTF GA LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 17-32965 (JKS) |
| In re:<br><br>FTF MA LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 17-32968 (JKS) |
| In re:<br><br>FTF MD LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 17-32969 (JKS) |

**DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, submit this motion (the "Motion") for entry of an order, substantially in the form submitted herewith, directing the joint administration of these chapter 11 cases for procedural purposes only.  In support of this Motion, the Debtors submit the *Declaration of Michael Kaplan in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith, and respectfully state as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicate for the relief sought herein is rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases," and each, a "Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4.     The Debtors are operating their business and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

5.     A detailed description of the Debtors' business and the facts surrounding the commencement of the Chapter 11 Cases is set forth in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

6.     By this Motion, the Debtors request entry of an order directing the joint administration of their Chapter 11 Cases for procedural purposes only.  Specifically, the Debtors request that the Court maintain one file and one docket for each of the jointly-administered cases. The Debtors propose to designate the Chapter 11 Case of B. Lane, Inc., d/b/a Fashion to Figure, as the main bankruptcy case.

7.     Accordingly, the Debtors request that the Chapter 11 Cases be administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| B. Lane, Inc., d/b/a Fashion to Figure, *et al.*,[1] | Case No. 17-32958 (JKS) |
| Debtors. | (Jointly Administered) |

8.     The Debtors also request that a docket entry be made in each of the above-captioned cases, substantially similar to the following, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of B. Lane, Inc., d/b/a Fashion to Figure; FTF NJ LLC; FTF CT LLC; FTF DE LLC; FTF GA LLC; FTF MA LLC; and FTF MD LLC. All further filings and docket entries shall be made in the chapter 11 case of B. Lane, Inc., Case No. 17-32958 (JKS).

9.     The Debtors will file consolidated monthly operating reports, but will separately set forth disbursements for each Debtor as a schedule to the extent required by the *United States Trustee Operating Guidelines*, with said reports to be filed in the lead case, rather than in each of the Debtor's individual cases.

**BASIS FOR RELIEF**

10.     Bankruptcy Rule 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: B. Lane, Inc., d/b/a Fashion to Figure (6982); FTF NJ LLC (4424); FTF CT LLC (1081); FTF DE LLC (7050); FTF GA LLC (5523); FTF MA LLC (1360); and FTF MD LLC (8883).  The Debtors' corporate headquarters and mailing address is 20 W. 36th Street, 5th Floor, New York, NY 10018.

order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors in these Chapter 11 Cases are B. Lane, Inc., d/b/a Fashion to Figure; FTF NJ LLC; FTF CT LLC; FTF DE LLC; FTF GA LLC; FTF MA LLC; and FTF MD LLC. The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

11.     Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

12.     Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein. Specifically, section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13.     These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors, their estates, and the Court.

14.     The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be wasteful.

15.     Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the Chapter 11 Cases.

16.     The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular Debtor. In fact, the rights of all creditors will be enhanced by

the reduced costs that will result from the joint administration of these Chapter 11 Cases.  The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

17.    The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

## WAIVER OF MEMORANDUM OF LAW

18.    Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## NO PRIOR REQUEST

19.    No previous motion for the relief sought herein has been made to this or to any other court.

## NOTICE

20.    Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (iii) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (iv) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (v) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (vi) Counsel for ACM Capital Partners, LLC, Shraiberg, Landau & Page, Attn: Bradley S. Shraiberg, Esq., 2385 N.W. Executive Center Dr., Suite 300, Boca Raton, FL 33431; and (vii) the Debtors' thirty largest unsecured creditors on a consolidated basis. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:  November 13, 2017                     Respectfully submitted,

                                              **LOWENSTEIN SANDLER LLP**

                                              /s/  *Kenneth A. Rosen*
                                              Kenneth A. Rosen, Esq.
                                              Bruce Buechler, Esq.
                                              Philip J. Gross, Esq.
                                              Keara Waldron, Esq.
                                              Michael Papandrea, Esq.
                                              One Lowenstein Drive
                                              Roseland, New Jersey 07068
                                              (973) 597-2500 (Telephone)
                                              (973) 597-2400 (Facsimile)
                                              krosen@lowenstein.com
                                              bbuechler@lowenstein.com
                                              pgross@lowenstein.com
                                              kwaldron@lowenstein.com
                                              mpapandrea@lowenstein.com

                                              *Proposed Counsel to the Debtors and*
                                              *Debtors-in-Possession*